IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CORINTHEUS MONCION ASH,

Plaintiff,

v. CASE NO. 5:12-cv-298-RS-GRJ

S RETHERFORD,

Defendant.

_____________________________/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 13, Plaintiff's response to the Court's Order to Show Cause. The only named defendant in this action is deceased, and Plaintiff was directed to advise the Court whether he would like to voluntarily dismiss the case or pursue service on an appropriate party. Plaintiff was advised that if he chose to pursue his case, the deadline for service under Fed. R. Civ. P. 4 had expired, but the Court would allow him until February 14, 2013, to provide the Court with the name and address of an appropriate defendant or risk a recommendation of dismissal of the case for failure to comply with Fed. R. Civ. P. 4 and failure to prosecute.

In his response to the Order to Show Cause, Plaintiff asserts that Defendant Retherford's supervisor, Frank McKeithen, was responsible for his actions. Plaintiff asserts that his "claim survives through the inheritance of the team and unit responsable [sic] for the cause and effect of the burden that shift to the official of superior officer." (Doc. 13.) Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or

vicarious liability. In order to be liable, the claimant must show that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff's Second Amended Complaint (Doc. 8) is devoid of such allegations.

To the extent Plaintiff seeks to amend his Second Amended Complaint to name Mr. McKeithen as the Defendant on the basis of vicarious liability, such amendment would be futile because Plaintiff does not allege that Mr. McKeithen personally participated in the alleged deprivation of Plaintiff's constitutional rights. Plaintiff has failed to provide the Court with the name and address of an appropriate defendant, as the Court directed on January 15, 2013. (Doc. 12.)

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed for failure to timely serve under Fed. R. Civ. P. 4 and failure to prosecute.

**IN CHAMBERS**, at Gainesville, Florida, this 5th day of April 2013.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**